UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:19-cv-22815-KMM

DEREK ROSS, *et al.*,

    Plaintiffs,

v.

DADE COUNTY JAIL, *et al.*,

    Defendants.
                                 /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiffs Derek Ross, Michael Render, Xavier Braggs, and Quincy Bryson's ("Plaintiffs") Complaint pursuant to 42 U.S.C. § 1983. ("Compl.") (ECF No. 1). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Complaint be DISMISSED. ("R&R") (ECF No. 5). Plaintiffs did not file objections and the time to do so has passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.[1]

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiffs allege that their equal protection and due process rights were violated because while they were "housed at the Dade County Jail . . . [Plaintiffs were] denied the opportunity to

---

[1] The Court adopts the R&R with the following modifications: on page three, lines one though five the sentence should be in quotes as follows: "in which prisoner seeks redress . . . an immune defendant"; on page three, line nine the citation should be: "(2d Cir. 1999))"; on page four, line one the citation to *Haines* should be a full citation: "*Haines v. Kerner*, 404 U.S. 519, 520–21 (1972)"; on page four, line seventeen the pin cite to *Bass v. Benton*, 408 F. App'x 298 (11th Cir. 2011) should be: "298-99."

order instant coffee and Roman [sic] Noodle Soups from the canteen menu [while] inmates at Metro West Detention Center and Turner Guilford Knight Detention Center (TGK) are being allowed to order these." Compl. at 4–6.

As set forth in the R&R, Magistrate Judge Reid finds that this suit cannot proceed as a class action because Plaintiff Derek Ross is proceeding *pro se* and cannot adequately protect the interest of a class. R&R at 3–4. Further, Magistrate Judge Reid finds that "[t]o the extent Plaintiff [Derek Ross] brings [the equal protection claim] on his own behalf," it should be dismissed because the deprivation of ramen noodle soup and instant coffee is not a constitutional violation absent a medical need or religious exception. *Id.* at 5–6. This Court agrees.

UPON CONSIDERATION of the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 5) is ADOPTED and the Complaint (ECF No. 1) is DISMISSED. The Clerk of Court is instructed to CLOSE this case. All pending motions, if any, are denied as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this 21st day of November, 2019.

K. M. Moore
K. MICHAEL MOORE
UNITED STATES CHIEF DISTRICT JUDGE

c: Plaintiffs, *pro se*